**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| NAEEM BETZ<br>P.O. Box 15714<br>Washington D.C. 20003<br><br>PLAINTIFF<br><br>v.<br><br>MIDLAND CREDIT MANAGEMENT, INC.<br>Serve: Lawyers Incorporating Service<br>2710 Gateway Oaks Drive, Ste 150N<br>Sacramento, CA 95833<br><br><br>DEFENDANT | ) <br>) <br>) <br>) Judge No. _____<br>) <br>) Civil Action No.  <u>1:15-cv-015404</u><br>) <br>) **COMPLAINT FOR DAMAGES,**<br>) **PUNITIVE DAMAGES, ATTONEY'S**<br>) **FEES AND EXPENSES, COSTS,**<br>) **INJUNCTIVE AND RELATED RELIEF**<br>) <br>) **JURY TRIAL DEMANDED**<br>) <br>) <br>) <br>) <br>) |

## COMPLAINT

### INTRODUCTION

1.    This is an action for actual, statutory, and punitive damages brought by Plaintiff Naeem Betz, individual consumer, against Defendants Midland Credit Management, Inc., Fingerhut, Inc. and MetaBank for violations of the Fair Debt Collections Act, the District of Columbia Consumer Protection Procedures Act, The Consumer Credit Protection Act, The Telephone Consumer Protection Act and the Truth in Lending Act.

### THE PARTIES

2.    Naeem Betz, (hereinafter Mr. Betz) is a citizen of the District of Columbia.

3. Midland Credit Management, Inc. (hereinafter "MCM") is a corporation with its principal place of business at 8875 Aero Drive, Suite 200, San Diego, California 92123.

## JURISDICTION AND VENUE

4. This action for damages raises a federal question and therefore jurisdiction is proper in the United States District Court for the District of Columbia. 28 U.S.C. § 1331.

## STATEMENT OF FACTS

5. Plaintiff Mr. Betz received an invitation to apply for a $300.00 credit line from Fingerhut and MetaBank on May 1, 2012.

6. Mr. Betz was denied for that credit line on May 9, 2012 via e-mail.

7. Mr. Betz never received an explanation of his credit denial.

8. Mr. Betz received a catalog from Fingerhut acknowledging his credit approval on May 13, 2012.

9. Mr. Betz then ordered a few items from Fingerhut on September 13, 2012.

10. In late March of 2013 Mr. Betz received a bill for a payment of $181.93 for an overdue balance of $430.18 from Fingerhut.

11. The bill from Fingerhut misstated the number of years it would take Mr. Betz to pay off his balance.

12. The bill from Fingerhut misstated the amount of interest that Mr. Betz would accrue his balance.

13. Mr. Betz received a letter dated May 9, 2013 from MCM informing him that his debt had been transferred from Fingerhut and MetaBank to MCM.

14. From April 23, 2013 to May 18, 2013, Plaintiff Mr. Betz received twenty-seven phone calls from Midland Credit Management, Inc. ("MCM") on Mr. Betz's cellphone.

15. The phone calls were "robocalls," made with automatic phone dialer technology.

16. Mr. Betz answered the first few calls, and told the person who called that he did not consent to the calls. Nonetheless, the calls continued.

17. Defendant MCM intentionally blocked twenty-two of twenty-seven of their outgoing calls, therefore disguising their caller identification from Mr. Betz in order to deceive him into answering their calls at his own expense.

18. Caller ID indicated that the remaining five calls were from the phone number "1019-61".

19. The number from which the calls appeared to come from was not a valid phone number.

20. Defendant MCM fraudulently "spoofed" their caller ID so that the number that appeared was inaccurate or missing.

21. The May 9, 2015 letter from MCM stated that Plaintiff Mr. Betz had a balance of $430.18 that had a payment due date of June 23, 2013.

22. On August 9, 2013 Mr. Betz filed a complaint with the Better Business Bureau ("BBB") stating his requests for validations were ignored by MCM.

23. On August 21, 2013 MCM responded to the BBB complaint filed on behalf of Mr. Betz.

24. MCM's response to the BBB investigations contained several material misstatements,

including but not limited to stating that the verification of the debt met the requirements of the FDCPA.

25. On December 18, 2014 Mr. Betz filed a complaint with the Consumer Financial Protection Bureau ("CFPB") stating his requests for validations were ignored by MCM.

26. On January 6, 2015 MCM responded to a CFPB complaint filed on behalf of Mr. Betz.

27. MCM's response to the CFPB contained several material misstatements, including but not limited to stating its records indicate that it has complied with applicable law.

## COUNT I:
## VIOLATION OF THE FAIR DEBT COLLECTIONS ACT (FDCA)
## 15 U.S.C. § 1692 *et seq.*

28. The Fair Debt Collections Act, 15 U.S.C. § 1692 *et seq.* (hereinafter FDCA) was enacted to eliminate abusive debt collection practices and to promote consistent State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692e.

29. It is a strict liability, remedial statute and is to be read broadly.

30. Mr. Betz is a "consumer" as defined by 15 U.S.C. § 1692a (3).

31. MCM's principle purpose is to collect and regularly collects or attempts to collect debts as defined by 15 U.S.C. § 1692a (6).

32. Each of the following acts were separate, independent, and discreet violations of the FDCA:

(a) MCM engaged in conduct the natural consequence of which was to harass or oppress Mr. Betz by placing 27 collection calls in a period of 3 weeks. 15 U.S.C. § 1692d.

(b)     MCM phoned Mr. Betz repeatedly with the intent to annoy and harass him. 15 U.S.C. § 1692d (5).

(c)     MCM repeatedly placed calls to Mr. Betz without meaningful disclosure of the Defendant's identity. 15 U.S.C. § 1692d (6).

(d)     MCM used deceptive and misleading representation by using a spoofed number in connection with the collection of debt from Mr. Betz. 15 U.S.C. § 1692e and §1692f.

### COUNT II:
### VIOLATION OF DISTRICT OF COLUMBIA DEBT COLLECTION PRACTICES ACT (DCPA)
### D.C. Code § 28-3801 *et seq.*:

33.    The District of Columbia Debt Collection Practices Act (hereinafter DCPA) enforces consumer rights arising from consumer credit sales. D.C. Code § 28-3801 *et seq.*

34.    It is to be construed and applied liberally to promote its purpose. D.C. Code §28-3801 (c).

35.    Mr. Betz has a "claim" as defined by D.C. Code § 28-3814 (b) (1).

36.    MCM is a "debt collector" because it directly engaged in debt collection as defined by D.C. Code § 28-3814 (b) (3).

37.    MCM called Mr. Betz twenty-two times with blocked numbers in violation of D.C. Code § 28-3814 (d) (2). Each call is a separate violation of the DCPA.

38.    MCM fraudulently spoofed their number on five occasions. Each call is a separate violation of D.C. Code § 28-3814 (d) (2) and is a violation of the DCPA.

39. MCM intentionally harassed Mr. Betz by placing twenty-seven phone calls in a period of 3 weeks in violation of D.C. Code § 28-3814 (d) (2).

40. MCM's May 9, 2013 letter did not disclose that it was attempting to collect a debt from Mr. Betz in violation of D.C. Code § 28-3814 (f) (2).

## COUNT III:
## VIOLATION OF DISTRICT OF COLUMBIA CONSUMER PROTECTION PROTECTION ACT (CPPA)
### D.C. Code § 28-3901 *et seq.*:

41. The District of Columbia Consumer Protection Procedures Act (hereinafter CPPA) promotes the effective enforcement of fair trade practices throughout the community. D.C. Code § 28-3901 (b) (2).

42. The CPPA has been construed and applied liberally to promote its purposes. D.C. Code § 28-3901 (c).

43. Mr. Betz is a "consumer" as defined by D.C. Code § 28-3901 (a) (2) (A).

44. MCM is a "merchant" as defined by D.C. Code § 28-3901 (a) (3).

45. MCM's responses to the BBB and the CFPB both contained material misrepresentations in violation D.C. Code § 28-3904 (e).

46. MCM harassed Mr. Betz with twenty-seven phone class in a period three weeks is a violation of D.C. Code § 28-3904 (m).

47. Each violation of any statutory or common law regulation of a trade practice is also a violation of the CPPA. *See District Cablevision Ltd. Partnerships v. Bassin*, 828 A.2d 714, 723

(D.C. 2003).

48. MCM violated the Fair Debt Collections Act by intentionally harassing Mr. Betz, 15 U.S.C. § 1692 *et seq.,* therefore violating D.C. Code § 28-3903 (x).

### COUNT III:
### VIOLATION OF THE CONSUMER CREDIT PROTECTION ACT (CCPA)
### 15 U.S.C. § 1601 *et seq.*:

49. The Consumer Credit Protection Act (CCPA) was enacted to protect consumers by requiring creditors to disclose to the consumer meaningful information needed for informed decision-making. 15 U.S.C. § 1601 *et seq*.

50. Mr. Betz is a "consumer" as defined by 15 U.S.C. § 1602 (g).

51. MCM is a "creditor" as defined by 15 U.S.C. § 1602 (g).

52. MCM extended an "open end credit plan" to Mr. Betz as defined by 15 U.S.C. § 1602 (j).

53. Defendant misstated on Mr. Betz's bill how long it would take to pay off credit amount and the amount of interest that would accrue on his count in violation of 15 U.S.C. § 1666b (5).

### COUNT IV:
### VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227.:

54. The Telephone Consumer Protection Act was intended, among other goals, to strictly regulate the use of automatic dialer systems (robocalls) for any purpose.

55. MCM used an "automatic telephone dialing system," as defined by 47 U.S.C. § 227 and implementing regulations, for each call to Mr. Betz.

56. Mr. Betz did not give permission for anyone to call him via an automatic telephone dialing system.

57. If consent to call Mr. Betz was at one time extended, it was revoked by Mr. Betz on the first phone call made to Mr. Betz.

58. The calls were made to Mr. Betz' cellular telephone.

59. MCM violated 47 U.S.C. § 227 (b) (1) (A) (iii) each and every time MCM called Mr. Betz.

60. The violations were willful because MCM continued to call using an automatic telephone dialing system after Mr. Betz expressly revoked his consent to receive such calls, and because MCM is a serial violator of the Telephone Consumer Protection Act.

61. Mr. Betz is entitled to $1,500 for each phone call under the TCPA, or, in the alternative, if the court does not find the violations to be willful, $500 per phone call.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Declaratory judgment that Defendants' conduct was unlawful;

2. Actual damages, incidental damages, and consequential damages as will be proved at trial against each of the Defendants, jointly and severally;

3. Treble damages or statutory damages in the amount of $1,500 for each violation of the CPPA, whichever is greater, pursuant to D.C. Code §28-2905 (k) (2) (A).

4. Punitive damages as will be proven at trial against each of the Defendants, jointly and

severally;

5.   Injunctive relief on behalf of the public pursuant to D.C. Code § 28-3905 (k) (2) (D) prohibiting the use of the unlawful trade practices as described without limitation herein;

6.   Costs and reasonable attorneys fees; and

7.   Any and all such other relief as the Court may deem just and proper.

**JURY TRIAL DEMANDED**

**Respectfully Submitted,**

_____/s/_____
Daniel Hornal
D.C. Bar No. 1005381
Talos Law
705 4th St., NW #403
Washington, DC 20001
Attorney for Plaintiff